**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4608**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAY A. BLANCHARD,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Peter J. Messitte, Senior District Judge.  (8:07-cr-00143-PJM-1)

Submitted:  August 2, 2010                Decided:  August 17, 2010

Before DUNCAN and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Edward C. Sussman, LAW OFFICE OF EDWARD C. SUSSMAN, Washington, D.C., for Appellant.  Rod J. Rosenstein, United States Attorney, Steven M. Dunne, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ray A. Blanchard ("Appellant") appeals his conviction and sentence for unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2006). Appellant challenges the district court's denial of his motion to suppress evidence recovered from his vehicle; admission of evidence of narcotics and drug paraphernalia found in his vehicle, testimony describing the scene of arrest, evidence regarding a bullet hole found in his vehicle, testimony about his multiple felony convictions, and testimony that he previously possessed and fired a handgun; and application of U.S. Sentencing Guidelines Manual § 4B1.4(b)(3)(A). Finding no error, we affirm.

Appellant first argues the district court improperly denied his motion to suppress because the search did not qualify for the automobile exception to the warrant requirement, which permits warrantless vehicle searches if "probable cause exists to believe [the vehicle] contains contraband" and the vehicle is "readily mobile." Pennsylvania v. Labron, 518 U.S. 938, 940 (1996).[1] Appellant contends that the searching officer lacked

---

[1] Appellant also argues that the search was an impermissible search incident to arrest under Arizona v. Gant, 129 S. Ct. 1710 (2009). Because the search was supported by probable cause, however, we need not reach this contention. See id. at 1721; see also United States v. Dickey-Bey, 393 F.3d 449, 456-57 (4th Cir. 2004).

2

probable cause.[2]   On review of the denial of a motion to suppress, we review the district court's legal conclusions de novo and its factual findings for clear error.  Ornelas v. United States, 517 U.S. 690, 699 (1996).  The evidence is viewed "in the light most favorable to the government," who prevailed below.   United States v. Kelly, 592 F.3d 586, 589 (4th Cir. 2010), cert. denied, __U.S.__, 78 U.S.L.W. 3701 (U.S. June 1, 2010) (No. 09-10472).

Our review of the record confirms the district court's conclusion that the officer had ample probable cause to search Appellant's vehicle based on Appellant's evasion conduct and the presence of crack cocaine and drug paraphernalia in plain view. Thus, the search was properly concluded pursuant to the automobile exception to the warrant requirement.

Appellant also argues pursuant to Fed. R. Evid. 403, 404(b), that the district court erred by admitting evidence of narcotics and drug paraphernalia found in his vehicle, testimony describing the scene of arrest, evidence regarding a bullet hole

---

[2] Appellant additionally argues that his vehicle was not "readily mobile."  As Appellant failed to raise this argument below, he has waived it on appeal.  See United States v. Evans, 404 F.3d 227, 236 (4th Cir. 2005).  Even if the argument were preserved, it is unavailing.  See United States v. Gastiaboro, 16 F.3d 582, 586 (4th Cir. 1994) ("[T]he justification to conduct a warrantless search under the automobile exception does not disappear merely because the car has been immobilized.").

found in his vehicle, testimony about his multiple felony convictions, and testimony that he previously possessed and fired a handgun. "A district court's evidentiary rulings are entitled to substantial deference and will not be reversed absent a clear abuse of discretion." United States v. Moore, 27 F.3d 969, 974 (4th Cir. 1994). We have reviewed the record and conclude the district court did not abuse its discretion by admitting this evidence.

Lastly, Appellant claims that the district court improperly applied USSG § 4B1.4(b)(3)(A) during sentencing. Specifically, Appellant challenges the sufficiency of the evidence to support the one-point increase in his base offense level for possession of a firearm in connection with a controlled substance offense. "In considering challenges to a sentencing court's application of the Guidelines, we review factual determinations for clear error and legal issues de novo." Elliott v. United States, 332 F.3d 753, 761 (4th Cir. 2003).

We conclude there was substantial evidence to support the district court's finding that Appellant possessed a controlled substance with intent to distribute. Small amounts of crack cocaine and marijuana were recovered from Appellant's vehicle, Appellant was previously convicted of a drug related

offense,[3] and Appellant admits that "the presence of a digital scale [in Appellant's vehicle] may provide some inference of drug dealing." (Appellant's Br. at 48). Moreover, there is a "settled connection between firearms and drug activities," United States v. Manigan, 592 F.3d 621, 629 (4th Cir. 2010), and while not dispositive, close proximity between firearms and narcotics supports a connection between the two. United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002). Furthermore, the firearms recovered were loaded handguns which, compared to other types of firearms such as hunting rifles or shotguns, are "indicia of drug dealing." United States v. Ward, 171 F.3d 188, 195 (4th Cir. 1999). On this evidence, the district court did not commit clear error when it determined that the firearms were possessed in connection with a controlled substance offense, and that Appellant qualified for the sentencing enhancement.

We affirm Appellant's conviction and sentence. We deny Appellant's motions to file a pro se supplemental brief or an informal brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[3] Appellant was convicted of attempt possession with intent to distribute cocaine in the Superior Court for the District of Columbia, and he was sentenced to imprisonment not to exceed five years on April 28, 2000.

5

materials before the court and argument would not aid the decisional process.

AFFIRMED